IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAMARA HANGSLEBEN,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV 15–53–M–DLC-JCL<br><br>FINDINGS & RECOMMENDATION |

On September 27, 2016, the Court entered an order reversing the Commissioner's decision denying Plaintiff Tamara Hangsleben's application for disability insurance benefits and supplement security income benefits under Titles II and XVI of the Social Security Act, and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). This matter comes before the Court now on Hangsleben's application for an award of attorneys fees in the amount of $11,636.61 pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Hangsleben's counsel requests payment for a total of 61 hours of work, including 40.2 hours in 2015 at an hourly rate of $190.28, and 20.8 hours in 2016 at an hourly rate of $191.70.

Under the EAJA, a party who prevails in a civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A presumption arises under the EAJA "that fees will be awarded to prevailing parties...." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Commissioner thus bears the burden of proving "that her position was substantially justified." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994). "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

The Commissioner does not dispute that Hangsleben is a prevailing party for purposes of an EAJA fee award, but opposes a fee award on the ground that the government's position in this case was substantially justified. In doing so, the Commissioner essentially reiterates the arguments already rejected by this Court when deciding to order a sentence-four remand. The Court finds that the Commissioner has not satisfied her burden of proving that her position on those issues had a reasonable basis in law or fact. The Commissioner has not pointed to any other circumstances that would make an award of fees in this case unjust.

Hangsleben is thus entitled to a fee award under the EAJA.

The Commissioner does not object to the hourly rate sought, but argues the 61 hours for which Hangsleben's counsel seeks to recover is excessive.

A request for attorneys fees under an EAJA petition must represent hours that were "reasonablely expended" in preparation of the petition. *Blum v. Stenson*, 465 U.S. 886, 901 (1984). The court has "wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). The petitioner bears of the burden of showing that the number of hours expended was reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Court has reviewed the itemized statements provided by counsel and finds based on Hangsleben's ultimate success on the merits, the fact that two rounds of briefing were required, and the length of the record, that 61 hours of attorney work was not unreasonable.

Accordingly,

IT IS RECOMMENDED that Plaintiff's motion for attorney fees be GRANTED in the amount of $11,636.61. This award is without prejudice to the right of Plaintiff's counsel to seek attorneys fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. Defendant's payment of the $11,636.61 shall constitute a complete release from

and bar to any and all claims Plaintiff may have relating to EAJA fees, expenses, and costs in this action.

DONE and DATED this 1st day of February, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge